IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 Case No.   **15-12409** |
| | ) | |
| **Donald A. Suhadolnik** | ) | **PAT E. MORGENSTERN-CLARREN** |
| **Elizabeth A. Suhadolnik** | ) | Bankruptcy Judge |
| Debtor(s) | ) | |

# RIGHTS AND RESPONSIBILITIES OF
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure – but Chapter 13 also places responsibilities on debtors, such as the responsibility to make a complete and truthful disclosure of their financial situation. It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. It is also important for debtors to know the costs of attorney's fees through the life of the plan. In order to ensure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the debtors and their counsel hereby agree to the following guidelines provided by the United States Bankruptcy Court for the Northern District of Ohio at Cleveland:

**A. Before the case is filed:**

The **debtor** agrees to:

1. Provide the attorney with accurate, and, to the best of the debtor's ability, complete financial information.

2. Discuss with the attorney the debtor's objectives in filing the case.

3. Keep all scheduled meetings and/or appointments, both with the attorney and with other parties to the case.

4. Respond to all attorney requests as soon as possible.

5. Provide the attorney with a working telephone number or other form of communication.

6. Obtain credit counseling from an approved nonprofit budget credit counseling agency during the 180-day period preceding the date of the petition or provide the attorney with accurate information to prepare a certificate of exigent circumstances, as required by 11 U.S.C. § 109(h).

7. Inform the attorney about any pending lawsuits brought by or against the debtor and any claims the debtor may have against third parties.

The **attorney** agrees to:

1. Personally meet with the debtor to review the debtor's assets, liabilities, income, and expenses.

2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.

3. Explain what payments will be made directly by the debtor to a creditor, such as mortgages, adequate protection, and vehicle lease payments, and what payments will be made through the Chapter 13 plan.

4. Explain to the debtor how, when, and where to make the required Chapter 13 plan payments and that the first month's plan payment must be made to the Trustee within (30) days of the date the case is filed with the Court.

5. Explain to the debtor how the attorney's fees and Trustee's fees are paid, and provide an executed copy of this document to the debtor.

6. Advise and assist the debtor in complying with the credit counseling requirements of 11 U.S.C. § 109(h).

7. Advise the debtor of the requirement to attend the §341 Meeting of the Creditors and to bring to the meeting a valid, unexpired picture identification and proof of social security number.

8. Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles owned or leased by the debtor.

9. Advise the debtor of the necessity of maintaining insurance on any real property that the debtor may own.

10. Timely prepare and file the debtor's petition, plan, statements, schedules, Form B22C, and all documents required by 11 U.S.C. § 521, as well as any required amendments thereto.

11. Advise the debtor as to his/her eligibility for a bankruptcy discharge.

12. Advise the debtor in writing if the attorney does not maintain professional liability (malpractice) insurance of at least $100,000 per occurrence and $300,000 in the aggregate, pursuant to Rule 1.4 of the Ohio Rules of Professional Conduct and Northern District of Ohio Local Civil Rule 83.5.

### B. After the case is filed:

The **debtor** agrees to:

1. Keep the Trustee and the attorney informed as to debtor's current address and telephone number.

2. Timely make all Chapter 13 payments to the Chapter 13 Trustee.

3. Timely make all post-petition payments to the mortgage company and any other creditors that the debtor has agreed to pay directly, and, if appropriate, maintain proper insurance coverage and timely pay post-petition tax obligations.

4. Cooperate with the attorney in preparing all pleadings and attending all hearings as required.

5. Prepare and file all delinquent federal, state, and local tax returns within 30 days, and thereafter file all required tax returns in a timely manner.

6. Promptly inform the attorney of any wage garnishments or attachments of assets which occur or continue to occur after the filing of the case.

7. Let the attorney know if the debtor is sued at any time during the case.

8. Contact the attorney regarding any changes in employment, increases or decreases in income, or any other financial problems or changes.

9. Cooperate with the attorney and the Trustee in timely producing any financial or supporting documents requested by the attorney or the Trustee.

10. Contact the attorney to find out what approvals are required before buying, refinancing, or selling real property, or before entering into any long-term loan or lease agreements.

11. Complete an instruction course concerning personal financial management, as required by 11 U.S.C. § 1328(g).

The **attorney** agrees to:

1. Continue to represent the debtor through the conclusion of the case, whether by dismissal or discharge, unless removed as counsel by order of the Court.

2. Instruct the debtor as to the date, time, and location of the §341 Meeting of Creditors, and appear at the §341 Meeting of Creditors with the debtor.

3. Respond to objections to plan confirmation, and, when necessary, prepare an amended plan.

4. Prepare, file, and serve necessary plan modifications which may include suspending, decreasing, or increasing plan payments.

5. Prepare, file, and serve necessary amended statements and schedules in accordance with information provided by the debtor.

6. Prepare, file, and serve necessary motions to incur debt, or to buy, sell, or refinance real property when appropriate.

7. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.

8. Be available to respond to the debtor's questions throughout the life of the plan.

9. Represent the debtor in motions for relief from stay and motions to dismiss or convert.

10. Provide such other legal services as are necessary to the administration of the case before the Bankruptcy Court, which include, but are not limited to, when necessary, meeting with the debtor, presenting appropriate legal pleadings and making necessary court appearances.

11. File an executed copy of this document with the Court, and provide an executed copy of it to the debtor and the Chapter 13 Trustee.

12. Advise the debtor in writing if the attorney at any time fails to maintain professional liability (malpractice) insurance of at least $100,000 per occurrence and $300,000 in the aggregate, pursuant to Rule 1.4 of the Ohio Rules of Professional Conduct and Northern District of Ohio Local Civil Rule 83.5.

### C. Attorney's fees:

The initial fee charged the debtor, exclusive of court costs, is $ **3,000.00**, of which $ **792.00** was paid before the filing of the Chapter 13, and with the balance of $ **2,208.00** being paid by the Chapter 13 Trustee after confirmation of the Chapter 13 plan. The attorney may not demand or receive any additional fees directly from the debtor, other than the initial retainer, unless the Court orders otherwise.

If the Chapter 13 case is either converted or dismissed before confirmation of a plan, absent contrary Court order, the Chapter 13 Trustee shall pay to the attorney for the debtor, to the extent funds are available, an administrative claim equal to 25%, up to a maximum of $300, of the unpaid balance of the total fee that the debtor agreed to pay. Absent contrary order, attorney's fees shall not be paid by the Trustee if the case was dismissed or involuntarily converted prior to confirmation for failure – to obtain credit counseling pursuant to 11 U.S.C. § 109(h), to provide pay advices or other evidence of payment pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), or to comply with a show cause order issued by the Court.

If the initial fee charged to the debtor and ordered by the Court is not sufficient to compensate the attorney for legal services rendered in the case, and if the attorney has documented that services rendered in the case exceed, under the traditional lodestar analysis, the fee approved in the confirmation order, the attorney agrees to apply to the Court for approval of additional fees. The following legal services are not covered by the initial fee charged debtor, and the attorney may apply to the Court for payment in the amount specified,

| Additional Fee, If Any, Debtor Agrees to Pay Should Additional Service Be Performed* | Description of Additional Legal Service Not Covered By Initial Fee |
|---|---|
| $ _____ | For a post-confirmation plan modification |
| $ _____ | For a motion for authority to buy, sell, or refinance real property |
| $ _____ | For a motion to incur debt, such as the purchase or lease of a motor vehicle |
| $ _____ | For defense of additional motions to lift stay, beyond one concerning the debtor's residence and one concerning a vehicle, which are included within the initial fee, but not including an evidentiary hearing |
| $ _____ | Motions for authority to settle insurance claims and/or to use or distribute insurance proceeds |
| $ _____ | For an additional motion to reinstate the automatic stay beyond those allowed under Administrative Order 07-2 |
| $ _____ | For a motion seeking suspension of the plan or payment deferral |

_____

*Counsel requesting approval of fees in excess of the amounts stated in paragraph 6 of Administrative Order 07-2 must file a detailed fee application with the Court.

In addition to the above, the attorney may need to provide legal services to the debtor that are not covered by the initial fee charged. Such services include: handling novel, complex, or non-routine motions, oppositions to motions, or objections to claims; representation in connection with an evidentiary hearing, or representation in adversary proceedings. These types of proceedings may be billed at reasonable hourly rates, and the attorney shall file a fee application in compliance with Bankruptcy Rules 2002 and 2016, setting forth, at a minimum, documentation that services rendered in the case exceed, under the traditional lodestar analysis, the fee approved in the confirmation order, and, as to each activity for which a fee is requested, the identity of the person performing such services, the billing rate for such person, the services performed, the dates of the services, the amount of time expended, and how such services are novel, complex, or non-routine. The attorney's current hourly rate is $**390.00**.

All post-filing attorney's fees shall be paid through the plan unless otherwise ordered by the Court. If the debtor disputes the legal services provided or the fees charged by the attorney, the debtor may file an objection with the Court and set the matter for hearing. The attorney may move to withdraw for cause shown, or the debtor may discharge the attorney at any time.

The Court may, *sua sponte*, or upon motion of an interested party, disallow all or part of requested attorney's fees or may order the disgorgement of all or part of already collected fees if the Court finds that the attorney failed to provide services in accordance with the guidelines set forth in this document.

Dated: **April 28, 2015**   **/s/ Donald A. Suhadolnik**
　　　　　　　　　　　　　　　　　**Donald A. Suhadolnik**
　　　　　　　　　　　　　　　　　Debtor

Dated: **April 28, 2015**   **/s/ Elizabeth A. Suhadolnik**
　　　　　　　　　　　　　　　　　**Elizabeth A. Suhadolnik**
　　　　　　　　　　　　　　　　　Debtor

Dated: **April 28, 2015**   **/s/ Marc E. Dann**
　　　　　　　　　　　　　　　　　**Marc E. Dann 0039425**
　　　　　　　　　　　　　　　　　Attorney for Debtor(s)
　　　　　　　　　　　　　　　　　**The Dann Law Firm Co., LPA**
　　　　　　　　　　　　　　　　　**4600 Prospect Avenue**
　　　　　　　　　　　　　　　　　**PO Box 6031040**
　　　　　　　　　　　　　　　　　**Cleveland, OH 44103**
　　　　　　　　　　　　　　　　　**216/373-0539**

By submitting this form "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys," Debtor's attorney certifies that this form is identical in all respects to the form effective June 1, 2007.